UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN SOTO,

       Petitioner,

v.                                Case No:  2:12-cv-164-FtM-38CM

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

       Respondents.

_____/

## OPINION AND ORDER[1]

Petitioner Juan Soto (hereinafter "Petitioner" or "Defendant") initiated this action

proceeding *pro se* by filing a timely petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 on March 16, 2012,[2] challenging his November 22, 2005 judgment of conviction

of capital sexual battery in case number 04-cf-2640 entered in the Twentieth Judicial

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

Circuit in Lee County, Florida.[3]   The petition raises two grounds for relief.   Respondent[4] filed a response ([Doc. #9](), Response) opposing the relief requested in the Petition and attached supporting exhibits ([Doc. #10](), Exhs. 1-17) consisting of pertinent trial transcripts and postconviction records.   Petitioner filed a reply ([Doc. #13](), Reply).   This matter is ripe for review.

## I.   Applicable § 2254 Law

### A.   Deferential Review Required By AEDPA

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).   Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3]Respondent concedes that the instant petition is timely filed pursuant to § 2244(d), Response at 7.   The Court agrees.

[4]Petitioner names two Respondents (the Secretary of the Florida Department of Corrections and the "State of Florida").   Petition at 1.   Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."   The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).   In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.   Therefore, the "State of Florida" will be dismissed from this action.

> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   White v. Woodall, 134 S.Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.   White, 134 S.Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."   Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406).   The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must

be "objectively unreasonable." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-77 (2003) (citation omitted); <u>Mitchell</u>, 540 U.S. at 17-18; <u>Ward</u>, 592 F.3d at 1155.   Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>White</u>, 134 S.Ct. at 1702 (quoting <u>Harrington v. Richter</u>, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 340 (2003) (dictum).   When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*); see* <u>e.g.</u> <u>Burt v. Titlow</u>, 134 S.Ct. 10, 15-16 (2013); <u>Miller–El</u>, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### B.   Exhaustion and Procedural Default

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" <u>Walker v. Martin</u>, ____ U.S. ____, 131 S.Ct. 1120, 1127

(2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).   This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.   Rhines v. Weber, 544 U.S. 269, 274 (2005).   "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.   That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."   Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.   A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).   A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam).   "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"   McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."   Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).   Under the procedural default doctrine, "[i]f the petitioner

has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.   House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland." Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.   Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.   House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).   Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).   Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668

(1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. <u>Newland</u>, 527 F.3d at 1184.   In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, <u>i.e.</u>, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, <u>i.e.</u>, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   <u>Strickland</u>, 466 U.S. at 688; <u>see</u> <u>also</u> <u>Bobby v. Van Hook</u>, 558 U.S. 4, 8 (2009); <u>Cullen v. Pinholster</u>, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."   <u>Bobby Van Hook</u>, 558 U.S. at 9 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable."   <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.   <u>Id.</u>   A court must adhere to a strong presumption that "counsel's conduct falls

within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., ____ F.3d _____, 2014 WL 3747685 (11th Cir. July 31, 2014)(quoting Richter, 131 S.Ct. at 788). "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state court decision denying the claim. Id. (citing Richter, 131 S.Ct. at 788). Finally, it is well established that the Strickland standard applies to ineffective assistance of counsel claims in the plea bargaining context. Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013)(citations omitted).

## II. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 550 U.S. at 474; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

### Ground One

Petitioner first argues that the State court committed a Due Process violation when the trial judge permitted evidence of a collateral crime committed by Petitioner when the act was only relevant to show Petitioner's bad character or propensity to commit offenses. Petition at 5. Specifically, Petitioner alleges that defense counsel filed a motion *in limine* to exclude evidence concerning an allegation of sexual conduct against the same victim outside of the date range charged in the information. <u>Id.</u> This incident was alleged to have occurred on December 6, 2003,[5] in Miami and was referred to as the "Miami incident." <u>Id.</u>; see also Response at 3; Exh. 1 at 4. Petitioner claims that there was no relevancy between the Miami incident and the offence charged. <u>Id.</u> at 7.

---

[5]The Petition contains a typographical error and alleges the incident occurred in October, not December. Petition at 5. The information, however, alleged that between August 13, 2003 and November 30, 2003, Petitioner, being eighteen years or older, did unlawfully commit sexual battery upon DB, a child less than 12 years of age, by placing his penis in union with or penetrating said child's mouth and/or vagina and/or placing his penis in union with or penetrating her mouth and/or penetrating her vagina with his finger, contrary to Florida Statute 794.011(2). Exh. 1 at 4.

In Response, Respondent initially asserts that the State court's evidentiary ruling is not subject to review in a § 2254 Petition.   Response at 13.   Respondent also asserts that the claim was not fully and properly exhausted because Petitioner did not alert the State courts' to any federal dimension of his claim.   Id. at 13-14. Consequently, Respondent argues that the claim is now procedurally defaulted under Florida law.   Id. at 14.   Turning to the merits of the claim, Respondent argues that the trial judge's evidentiary ruling did not "so infuse[] the trial with unfairness as to deny due process of law."   Id. at 17.   Respondent states that testimony about the Miami incident explained how Petitioner's behavior with victim DB came to light.   Id. at 18.   Further, Respondent points out that there was more powerful evidence of Petitioner's crime that was presented with the victim testified that she was 11 years old between August 15 and November 30, 2003, and during that time, Petitioner came into her room where she was sleeping and "stuck his penis in [her] vagina."   Id.   Additionally, the nurse who examined DB testified that her hymen had been transected.   Id.

Habeas relief does not lie for claims of violations of state law.   Moreover, a state's interpretation of its own laws or rules provides no federal habeas relief because no question of a federal constitutional question is involved.   "State courts are the ultimate expositors of their own states' laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a State's criminal statutes by the court of that State. . . ."   Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. 1981).[6]

---

[6]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

Additionally, the Court agrees with Respondent that Petitioner did not fully and properly exhaust this claim by raising the federal dimension of this claim on direct appeal. See Exh. 2.   While Petitioner pursued relief on this claim on direct appeal, he raised the claim in terms of a violation of State law only, addressing his substantive arguments only to Florida law.   The purpose of the exhaustion requirement is "to afford the state courts a meaningful opportunity to consider allegations of legal error without the interference of the federal judiciary."   Vasquez v. Hillery, 474 U.S. 254, 257 (1986).   The Supreme Court has strictly construed the exhaustion requirement, noting that "if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."   Duncan v. Henry, 513 U.S. 364, 365-66 (1995).   Petitioner made no such statement in his State filings.

A federal petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim . . . ."   Baldwin v. Reese, 541 U.S. 27, 32 (2004).   Here, Petitioner did not "alert the [Florida] court to the alleged federal nature of his claim[s]." Cook v. McNeil, 266 F. App'x 843, 845 (11th Cir. 2008)(quoting Baldwin v. Reese, 541 U.S. 27, 33 (2004)).   By not raising the constitutional dimension of these claims, if any, to the State court, Petitioner deprived the State courts of a "full opportunity to resolve any constitutional issue by invoking one complete round of the State's established review process."   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).   Nor does Petitioner demonstrate cause for this default and actual prejudice; or, a fundamental miscarriage of

justice.    Consequently, the Court will dismiss Ground One as unexhausted and procedurally barred, and in the alternative as failing to raise a federal question.

**Ground Two**

Petitioner next argues that defense counsel rendered ineffective assistance of counsel by failing to conduct an adequate pre-trial investigation and failing to call several witnesses to testify on Petitioner's behalf.    Petition at 6.    Specifically, Petitioner submits that Luis Rodriquez would have testified that the victim never reported any inappropriate behavior to him about the Miami incident.    Id.    Petitioner claims that Maria Moreno and Martha Velasquez would have testified that the blood on the victim's shirt after the Miami incident was menstrual blood.    Id. at 7.    Petitioner opines that Barbara Blanco, Juan Bines, Carlos Malvarez, Grete Lobiana, and Jianko Bienes would have testified that the victim "was known for lying in matters like the instant."    Id. at 8.

In Response, Respondent asserts that the Petitioner's claim is unexhausted and now procedurally defaulted because with the exception of Maria Moreno, Petitioner elected to forego any evidentiary development of this ground during the State courts evidentiary hearing.    Response at 19-20.    Respondent points to the appointed postconviction counsel's testimony during the evidentiary hearing held on Petitioner's Florida Rule of Criminal Procedure Rule 3.850 motion.    Id. at 20.

A review of the record reveals that Petitioner raised this claim as his second ground for relief in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.    See Exh. 6.    The postconviction court directed the State to respond to Petitioner's motion, Exh. 7, and ultimately appointed Petitioner counsel, and ordered

an evidentiary hearing, Exh. 9.    After conclusion of the evidentiary hearing, the

postconviction court entered a written order denying Petitioner relief:

> Under **Claim Two**, Defendant asserts that "Defense counsel's
> failure to investigate and call numerous witnesses readily
> available to testify to crucial facts and circumstances
> constituted ineffective assistance of counsel."   In his motion,
> Defendant identifies the eleven (11) witnesses as (a) Luis
> Rodriquez, (b) Maria D. Moreno, (c) Martha Velasquez, (d)
> Hevelyn Malvarez, (e) Detective Maria Dupont of the Miami-
> Dade Police Department, (f) John Doe of the Miami-Dade
> County Laboratories (lab technician), (g) Barbara J. Blanco,
> (h) Juan Manual Bienes, (i) Carlos Malvarez, (j) Grete
> Lobaina, and (k) Jianko I. Bienes.   In his motion, Defendant
> set forth the anticipated testimony of each witness and a
> statement as to how he was prejudiced.   In response, the
> State conceded to the necessity of an evidentiary hearing.
> Accordingly, the Court granted an evidentiary hearing to give
> Defendant the opportunity to prove that counsel was, in fact,
> ineffective within the meaning of <u>Strickland</u>.
>
> Maria D. Moreno was the only witness identified in
> Defendant's motion that provided testimony at the hearing.
> In his motion, Defendant asserts the following:
>
>> Ms. Moreno would have testified to the fact
>> alleged victim, DB, was menstruating on the day
>> of the alleged December 6th, 2003, incident.
>> Additionally, this witness could have testified at
>> trial to convincing facts that point to DB being
>> sexually active with a boyfriend, contrary to her
>> trial testimony.
>
> However, Ms. Moreno's testimony offered no exculpatory
> evidence to support Defendant's claims.   Furthermore,
> Defendant's trial counsel testified at the evidentiary hearing
> that Defendant never provide a list of witnesses to him prior
> to trial.   Additionally, Defendant testified at the evidentiary
> hearing that he never had any contact or conservations with
> the alleged witnesses which he listed in his rule 3.850 motion
> after he was arrested for the charges in the case at bar.
> None of the other alleged witnesses listed in Defendant's rule
> 3.850 motion were called to testify at the evidentiary hearing
> and, as such, there is no evidence to support Defendant's
> claim as to the exculpatory nature of their testimony.

> Accordingly, Defendant has failed to meet his burden of proof under **Claim Two** as outlined by Strickland.
>
> As a whole, Defendant has failed to demonstrate that the performance of trial counsel fell below the appropriate standard of care, has failed to demonstrate prejudice, and has failed to demonstrate that trial counsel was ineffective within the meaning of Strickland on both grounds for relief.

Exh. 11 at 3-4.   The appellate court *per curiam* affirmed the postconviction court's order. Exh. 14.

The Court agrees with Respondent that with the exception of Maria Moreno, Petitioner's claim is unexhausted and now procedurally defaulted under Florida law. Ferrell v. State, 918 So. 2d 163, 173-74 (Fla. 2005) (finding defendant's claim of ineffective assistance of trial counsel based on failure of trial counsel to seek the expert assistance of a social worker was fact-based issue that required development at evidentiary hearing, and defendant's decision to forego the presentation of such evidence at the scheduled evidentiary hearing waived the claim).   Petitioner did not develop his claim concerning the other witnesses' testimony at trial, or during the Rule 3.850 hearing, and consequently did not preserve the claim for appeal.   Occhicone v. State, 570 So. 2d 902 (Fla. 1990).   Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default of the portion of Ground 2.   In fact, postconviction counsel explained during the evidentiary hearing that his investigator located Petitioner's alleged witnesses, but the testimony did not support Petitioner's cause.   Response at 20; see also Exh. 10 at 186.

To the extent one witness, Ms. Moreno, provided testimony during the Rule 3.850 evidentiary hearing, the State courts' orders denying Petitioner relief on this claim was not contrary to or an unreasonable application of Strickland.   Nor has Petitioner shown

that the State courts' decisions involved an unreasonable interpretation of the facts based upon the evidence presented.   Trial counsel's decision not to call Ms. Moreno did not amount to deficient performance.   In particular, trial counsel testified during the evidentiary hearing that Petitioner did not provide him with any witnesses' names prior to trial.   See Exh. 10 at 201-202.   Trial counsel testified that if Petitioner had provided witness names, counsel would have been "all over those witnesses."   Id. at 202.

Further, Petitioner has not shown prejudice as required under Strickland.   Ms. Moreno did testify during the evidentiary hearing that the victim was menstruating when the Miami incident occurred. This testimony, however, was not exculpatory.   At trial, the victim and her sister testified about the Miami incident, which occurred on December 6, 2003 when DB and her family were staying in Miami.   The victim testified that Petitioner took DB into an upstairs bathroom and had "sexual contact" with her.   DB was bleeding from her vagina that day.   Exh. 1, Tr. Vol. I: 16-19.   DB's sister knocked on the locked bathroom door.   When the door was finally opened, DB's sister saw Petitioner and DB inside.   They were dressed and DB's shirt was bloodstained.   Petitioner told DB's sister, "It's not what you're thinking."   She reported the incident to her father and law enforcement was notified.   Significantly, at trial there was no allegation during trial that the blood on the victim's shirt was the result of injury to the victim's vagina.   To the contrary, undisputed evidence at trial per Petitioner's testimony remained that the victim was menstruating at the time of the Miami incident.   Thus, Moreno's testimony would have only collaborated Petitioner's testimony that the victim was menstruating when the Miami incident occurred, but was not exculpatory.   No allegation was made that the victim was bleeding as a result of injury during the Miami incident.   Accordingly, Ground

Two is dismissed as unexhausted with regard to all witnesses except Ms. Moreno, and denied on the merits as to whether defense counsel rendered ineffective assistance by failing to call Ms. Moreno as a witness.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The State of Florida is **DISMISSED** as a named Respondent.

2.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.   Ground One is dismissed because it does not raise a claim subject to review in a § 2254 Petition, or in the alternative, as unexhausted and procedurally defaulted.   Ground Two is dismissed in part as unexhausted and procedurally defaulted.   The portion of Ground Two that is exhausted is **DENIED**.

3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v.

<u>Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

     **DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of January, 2015.


SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


SA: alr
Copies: All Parties of Record